CURRENT OHIO COURT of APPEALS CASES
Weekly Advance Abstract Opinions

No. 261
ARNOS v. THRONE, et al
Ohio Appeals, 6th Dist., Lucas Co.
No. 1443. Decided Dec. 8, 1924.

**297. CONTRACTS—**

1. Enumeration of specific orders held not to include orders not specified.

2. Seller need not extend credit to get orders when orders are to be for the benefit of both seller and former partner.

CHITTENDEN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Throne and others brought an action for an accounting against Arnos. The case was heard before a referee and certain findings of facts were made in favor of plaintiffs. This report was affirmed by the common pleas. Error was prosecuted to the court of appeals. The principal difference between the parties arose out of construction of a contract. The Jefferson Sales Co. was a corporation in which plaintiffs and defendants each owned an equal number of shares of stock. Differences having arisen between Arnos and the Thrones, they entered into a written agreement whereby Arnos was to buy the stock in the company owned by the Thrones at an agreed price. The contract was to be performed on July 1, 1921. The differences between the parties apparently became more acute and it was agreed that the date of the performance was to be advanced to April 1, 1921. The contract also provided: "Should any of said cars or parts be not delivered by April 1, 1921, including any sales made or others taken from date thereof to April 1, 1921, the profits thereon . . . shall be accounted for immediately . . . after April 1, 1921." The referee construed these words to mean all orders received prior to March 24, 1921. In reversing the judgment, the court of appeals held:

1. The enumeration of orders received for cars excludes the consideration of any orders that may be claimed to have been received prior to March 24, 1921.

2. The buyer, Mr. Arnos, was under no obligation to accept orders during the week in question, which, in order to complete the sale would necessitate his pledging his personal credit.

Attorneys—George D. Welles and Miller & Wall, for Arnos; Marshall & Fraser and Tom Marler, for Thorne, et al; all of Toledo.

No. 262
FETTERS v. STATE
Ohio Appeals, 3rd Dist., Mercer County
No. 382. Dec. Feb. 1, 1925.

**480. EVIDENCE—**Rejection of by court, tending to prove an alibi, is reversible error.

2. Burden of proof is on defendant to show that admissions in nature of a confession improperly obtained.

WARDEN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

George Fetters was found guilty in the killing of Edward Moyer, on August 23, 1922, and judgment was entered accordingly in the Mercer Common Pleas. Fetters claimed that written statements were obtained from him by actual force and putting in fear. Evidence was offered by Fetters tending to prove he was not at the Moyer farm on the night in question and most of this evidence was objected to by the state and excluded by the Court.

The court also refused to admit time cards and time sheets indicating when Fetters worked on August 23, and 24, such refusal being prejudicial error. State v. Norman 103 OS 541. The Court of Appeals held:

For refusal of the trial court to permit the defendant to offer evidence showing his whereabouts on August 23, and 24, 1922, for refusal to entertain evidence of the time sheets; and for refusal to admit evidence tending to prove that Fetters was at another place other than the Moyer farm on August 23, 1922, and for the action of the court in unduly restricting the defendant in cross examinations of state's witnesses this case is reversed.

Judgment accordingly.

Attorneys—B. A. Myers, W. E. Touvelle for Fetters; Frank L. Kloeb, J. W. Loree, for State; all of Celina.